Chittenden,
January,
1840.

Scott
*v.*
Nichols.

</div>

---

## Wm. M. Sutton & Harry Sutton *v.* John Tyrell.

A. & B. hired C. to labor for them a given number of months for a given sum, and before the expiration of the time, C. was discharged from further service by A.—Held ;—that this put an end to the contract on the part of A. & B. and that they could not, by B's requesting C., shortly after, to go to work again under the contract, be restored to their rights arising out of it, against the will of C.

C. sued A. & B. for labor performed under the contract, and, in his declaration, set forth the precise terms of the contract, in which suit A: & B. suffered a recovery, by default, and afterwards A. & B. sued C. for a breach of the contract, and in the latter suit the contract declared upon varied from the contract set forth in the former suit. *It would seem*, that, on the trial of the suit of A. & B. against C. the record in the former suit was; at least, *prima facie* evidence of what the contract was, between the parties, and that there was a variance between the proof and the declaration.

Assumpsit, for leaving the plaintiffs' service before the contract, made between the parties, had expired. Plea, *non-assumpsit*. Issue to the country.

Upon the trial in the county court the plaintiffs, to support the issue on their part, gave evidence tending to prove that about the 15th day of May, 1835, they hired the defendant to labor for them at the farming business, for the term of six months, at ten dollars per month, and the keeping of a horse, and that he went into their employment, under that contract,

and after laboring with them until about the 20th of July, 1835, he abandoned their service, and refused to return.

The plaintiffs also gave in evidence, among other things, a copy of a record of a suit brought by the defendant before Truman Barney, a justice of the peace, against the plaintiffs, to recover compensation for his labor under the contract in question, in which suit the contract between the parties was set forth as stated in the declaration in this suit, except as to the price per month. In the copy of the record, thus offered, the price per month was stated at eleven dollars, and, in the declaration in this suit, at ten dollars. The record further showed, that a judgment was rendered for the plaintiff in that suit, by default.

To support the issue on the part of the defendant, he gave evidence tending to prove that the contract in question was not an absolute contract to labor for the plaintiffs, for the term of six months, but that a condition was annexed to it by which the plaintiffs might discharge the defendant from their service whenever they pleased and that the defendant might quit their service whenever he pleased.

The defendant also offered further evidence, tending to prove that Harry Sutton, one of the plaintiffs, misused him while in the employment of the plaintiffs and that, at the time of leaving the employment of the plaintiffs, the said Harry Sutton discharged him from further service under the contract.

To rebut this evidence, the plaintiffs offered testimony tending to prove that the said Harry Sutton discharged the defendant from further service at the plaintiffs' farm in St. George, where they were then at work, and that the defendant immediately went to the plaintiffs' place in Williston, a distance of some two or three miles from the farm in St. George, and where he worked a part of the time, after his clothes &c., so as to go away, and that the other plaintiff, at Williston, before the defendant went away, advised and wished him to stay and work his time out.

The defendant requested the court to charge the jury, that, as the contract was alleged differently in the record produced, as to the price to be paid for the service per month, from the contract set forth in the declaration in this suit, there was a variance, and the record was conclusive, as to this, upon the plaintiffs; but the court refused so to charge the jury, but did

charge them, among other things, that the plaintiffs were bound
to prove the contract substantially as laid in their declaration, and that the fact, that the contract was stated in the said jus-
tice's record differently as to the price to be paid for the services from what it was in the declaration in this suit, was not conclusive on the plaintiffs, but only to be regarded as evidence in the case, and to be weighed by the jury, under all the circumstances attending the case, in connection with the other evidence given them on this trial, and that if they found the contract not an absolute one to labor for the term of six months, but a conditional one, and that, by the terms of the condition, the plaintiffs had the right to discharge the defendant from their service when they -pleased, and the defendant also the right to quit their service when he pleased, before the expiration of the six months, then the plaintiffs could not recover, though they should find that the defendant had not otherwise shown any sufficient reason for abandoning the employment of the plaintiffs before the expiration of the six months; or if the jury should find, that, before the defendant left the plaintiffs' service, one of them dismissed the defendant from all further service under the contract, the plaintiffs were not entitled to recover damages in this case for the non-fulfilment of the contract on the part of the defendant, though they should find that while he was at Williston getting his clothes &c., in readiness to go away, the other plaintiff, before his actual departure, requested him to stay and work his time out. The jury returned a verdict for the defendant and the plaintiffs excepted.

*Wm. P. Briggs*, for plaintiffs.
*Maeck & Smalley*, for defendant.

The only objection we can discover in this bill of exceptions is to that part of the charge of the court, in which they direct the jury, that, if they find that the defendant was in the first instance discharged from plaintiffs' service by one of the plaintiffs, he is not liable in this action, though he was afterwards requested by the other plaintiff to return and complete his time of service.

The charge upon this point was correct. The act of the plaintiffs, in first discharging the defendant from their service, entirely discharged him from the performance of, and put an

end to the contract. *Lantry* v. *Parks,* 8 Cowen's R. 63.
2 Stark. Ev. 127.   1 Chitty Pl. 417.

Suttons
*v.*
Tyrell.

The opinion of the court was delivered by

BENNETT, J.—It has not been denied, in the argument, that, as a general proposition, if the promissee is the occasion of the promissor's not fulfilling his contract, no damages can be recovered by him for such non-performance.   But in the present case, it is said, as there are two promissees of the contract, the discharge of one is not operative to preclude a right of action in the names of both of them.   Is this so?   The plaintiffs have a joint interest in this contract, and either the one or the other have full power to control it.   In the case of partners, and others, where there is a community of interest in a particular subject matter, not only the act or agreement of one, but his declarations in regard to that subject matter, are evidence against all.   So a release, by one of the plaintiffs, of this contract must be a bar to an action, and this necessarily results from the unity of interest which both plaintiffs have in it.   Both must join in an action upon it, and their interest being joint, the acts of one necessarily control the interest of both.   It was then no more competent for Wm. H. Sutton, after the defendant had been dismissed by Harry, to require the defendant to go to work again under the contract, than it would have been for William himself to have done it, had he been the sole person in interest, and discharged him himself.   When the defendant had been once discharged by being turned away, the plaintiffs had put an end to the contract on their part.   This was the immediate result upon the defendant's being discharged by one of the plaintiffs at St. George, and when the plaintiffs had put an end to the contract, they could not again, by their own act, and against the will of the defendant, restore themselves to their rights under it.   In *Lantry* v. *Parks,* 8 Cow. R. 63, where the plaintiff had contracted to work for the defendant a given time, and shortly before the time had expired he, without good cause, abandoned the service of the defendant, saying he should work for him no longer, but shortly returned and offered again to go to work for him, but the defendant, without assigning any special cause, refused to set him to work,

it was held that the plaintiff could not thereby restore himself to his rights under the contract, but had forfeited all right to recover any thing for the services performed.

The plaintiffs have no reason to complain of the charge of the county court in regard to the legal effect of the record given in evidence. The defendant in this case, having set forth, in his declaration in that action, the terms of the contract made with the present plaintiffs, and they having suffered the cause to be defaulted, it is, at least, to be regarded as an admission by them of the contract as set forth in the declaration.

Though, perhaps, there might be some difference of opinion, among the members of the court, as to the effect of the record, yet the plaintiffs cannot complain of error, though the court should think the record conclusive between the parties. The judgment of the county court must therefore be affirmed.